GUNN *vs.* BARRETT.

1. Suit was brought on a contract in reference to the renting of a plantation, the stocks, implements, etc., thereon. The declaration alleged that the defendant owed the plaintiff a certain amount, on a fair accounting under the contract; it also alleged that one important item was left out of the contract which was embraced in the suit, and a prayer was added that the contract be reformed. The defendant pleaded the general issue and settlement. The jury returned a verdict for the plaintiff for a sum of money :

*Held*, that the reformation of the contract not having been put in issue by plea, the judgment will not be arrested, nor a new trial granted at the instance of the defendant, on the ground that the verdict did not cover the issues made.

2. The verdict is supported by the evidence.

October 24, 1882.

, Judgment. Pleadings. Contracts. Before Judge
SIMMONS. Houston Superior Court. October Adjourned
Term, 1881.

Reported in the decision.

W. C. WINSLOW ; HALL & SON, for plaintiff in error.

DUNCAN & MILLER ; DAVIS & RILEY, for defendant.

JACKSON, Chief Justice.

1. The only question pressed before us is, that the ver-
dict does not cover the issues made. It appears that the
declaration makes a suit by the plaintiff against the de-
fendant on a contract in reference to a plantation and
some implements, stock, etc., thereon, rented by the
former from the latter, wherein it is alleged that the de-
fendant owes plaintiff certain sums of money on a settle-
ment between them, on a fair accounting on the contract ;
and, further, that the contract left out one important item,
which plaintiff also embraced, and prayed a reformation
of the contract so as to embrace it. The defendant did
not plead as to such reformation of the contract ; but the
pleas he filed were the general issue, and a plea of settle-
ment by reason of arbitrament and award. The jury
found a verdict in money for the plaintiff ; whereupon, de-
fendant made a motion in arrest of judgment and for a
new trial, on the ground that the verdict did not cover the
issues made, and that the verdict was contrary to the
weight of the evidence, and to law, equity and justice.
The motion to arrest the judgment on the ground that
the verdict does not cover the issues, being in effect re-
peated in the motion for a new trial, on the same ground
among others, it is only necessary to consider the latter
motion.

That the contract could be reformed at law, would seem
clear from our statute ; but to make an issue thereon,

there must be pleading on both sides. Chitty's Black-stone, 3d book, 314. There is no plea whatever by the defendant in regard to the reformation of the contract, much less is there any equitable plea; and when the jury found for plaintiff a verdict for money, it found on the issues made by the pleas filed. The verdict, therefore, covers the issues made in the case. It seems that the judge, in his charge, did call the attention of the jury to the reformation of the contract, but the issue is not made by the charge, but by the pleadings. No exception is taken to the charge on this ground.

The truth appears to be that the allegation of plaintiff was made touching the omission alleged to be left out of the contract in order to put in evidence thereon. No objection to evidence is in the motion, and the ground relied on is, that the jury failed to find on the issues.

2. The facts being controverted as respects any indebt-edness and the amount of it, and the judge presiding being satisfied with the verdict, the grounds that the verdict is against the weight of the evidence and the law and equity of the case, amount to nothing, there being enough testi-mony to sustain the verdict. Indeed, these grounds were not pressed before us by the plaintiff in error, the point relied on being the alleged omission of the jury to find on all the issues.

Judgment affirmed.