CENTRAL RAILROAD *vs.* FREEMAN.

CASE, FROM BIBB. Damages. Negligence. Charge of Court. Words and Phrases. Diligence. Presumptions. Practice in Supreme Court. Verdict. (Before Judge Hutchins.)

Hall, J.—1. The court committed no error in stating the issues to the jury, when he informed them that the plaintiff claimed that the injuries received disabled him from performing his ordinary labor.

2. There was no error in charging to the effect that the burden

was on the plaintiff to sustain his allegations as to the injury sustained by him ; that, to entitle him to recover, he must produce evidence sufficient to satisfy the jury that he has sustained an injury, and that such injury was the direct and proximate consequence of the defendant's negligence ; for to constitute an actionable tort there must be damage to the plaintiff and negligence by the defendant causing the injury. Especially is this true, when the question of negligence was fully and fairly submitted to the jury, and they were instructed that they only could find the fact.

3. The charge excepted to in the third ground of the motion for new trial was not error, and did not express any opinion on the facts, when taken in connection with its context. In stating the issues, to say that a party "brings evidence to show," etc., is not to express an opinion as to what has been proved.

4. There was no error, after charging that a railroad, as a common carrier, was bound to use extraordinary diligence to transport passengers safely, and to protect them from injury, in adding that where a casuality occurred, it would authorize an inference that it was occasioned by defendant's negligence, and from it the jury might presume negligence. Code, §§2067, 3033 ; 5 Adol. and Ellis. N. S., 747 (48 E. C. L. R.) ; 5 Exch. R., 787.

5. The court did not go outside the case made by the pleadings in charging that it was the duty of the defendant to provide a safe track, comfortable cars, sufficient couplings, coupling pins, etc. ; there was nothing in this to mislead the jury or divert their attention from the real issues in the case.

6 There is nothing objectionable in the charge excepted to in the sixth ground of the motion for a new trial ; it is as favorable to the defendant as it could with legal propriety have been, and pointed out clearly the care and diligence that would excuse the defendant for the use of defective machinery in the running and use of its road and cars.

7. There is nothing in the seventh ground of the motion. It does not appear how the court failed to confine the jury in their finding to the special matters of negligence set out and relied on by the plaintiff in his pleadings.

(a) Vague and general exceptions make no issue of law that can be passed upon by this court. They specify no decision complained of, and set forth neither plainly nor otherwise any error whatever.

8. 9. The courts go very far to sustain verdicts and to avoid setting them aside. They must cover the issues made by the pleadings, but before they will be set aside for a failure in this respect, the deficiency must be made apparent. They are to have a reasonable intendment

and to receive such a construction as will prevent their being avoided except from necessity ; and to obviate this they may be so amended as to make them conform to the pleadings ; and where partly illegal that may be written off. The verdict in this case covers the issues. · Code §§3559, 3561 ; 69 Ga., 689 ; 70 Id., 168, 417.

(a)   Where there are several pleas filed, a verdict for the defendant must show on which of the pleas it is rendered ; but where the jury found for the plaintiff, it was, in effect, a finding against all of the pleas.   60 Ga., 121.

10.   The declaration in this case alleged both general damages and also special damages, consisting of charges for attendance of physicians, medicines, etc.   The defendant had paid certain charges of this character, and a receipt of an itemized bill was taken.   It was in dispute whether or not this was a complete settlement of all such claims or only those to the date of the receipt.   The charge fully submitted the facts ; and there was no authority for finding separately on such questions.   Code §§3562, 3559.

11.   Although this court, if it occupied the place of a jury, might not have found the verdict which was found, yet it was not so excessive as to show plainly that the jury were influenced by bias to the plaintiff or prejudice against the defendant, or that they misapprehended the case ; and their finding having been approved by the presiding judge, this court will not interfere ; especially after a second verdict for the plaintiff.

Judgment affirmed.

Blandford, J., concurred.

Jackson, C. J., concurred specially as to the last headnote.