THE CENTRAL RAILROAD AND BANKING CO. v. WIGGINS.

1. It is no cause for a new trial that one of the jurors took the plaintiff by the arm and assisted him down stairs in the court-house during a recess of the court after the trial was commenced and before it was concluded. It is not apparent or probable that this act of civility on the part of the juror was or might have been prejudicial to the defendant, although the cause of action on trial was an injury to the plaintiff's spine and nerves which, as he contended, disabled him from walking without crutches or other assistance.

2. Construed in connection with the whole charge as set out in the record, there was no error in instructing the jury thus: "Certain tables are before you. You can use them or not in passing on the amount to be allowed the plaintiff (if you find for him), or you may employ any method known to you as upright and intelligent men, which is just and fair, in estimating the damages."

3. There was a verbal inaccuracy in instructing the jury on the subject of reducing to present value the probable earnings of the plaintiff during the remainder of his life in case he had not been injured, in these terms: "You will then consult the tables and ascertain as to the number of years and thousandth parts of years put opposite his age. You will then multiply that by the sum you find he is entitled to per year." The inaccuracy consisted in denominating the figures in the annuity table opposite the plaintiff's age as "the number of years and parts of years." But there

is no indication in the verdict as compared with the evidence that the jury used either the wrong table or the wrong figures; the decided probability is that they used the right ones, if they calculated present value by any table. This being so, it is of no consequence that the words "number of years and parts of years," were substituted by the court for the word "numbers" or "figures," or for the words "present value of an annuity of one dollar expressed in dollars and thousandth parts of a dollar." The table which the jury ought to have used was the only one of several before them which represented thousandth parts of anything.

4. The verdict, though large, is not manifestly excessive, and there was no error in overruling the motion for a new trial.

October 17, 1892.

Before Judge WESTMORELAND. City court of Atlanta. December term, 1891.

Action by Wiggins to recover damages resulting from personal injuries sustained by him by a negligent collision of the defendant's trains on one of which he was a postal clerk, receiving a salary of $1,000 a year. A verdict in his favor for $14,375 was rendered. The defendant moved for a new trial on the ground that the damages assessed were excessive, and on other grounds clearly shown in the syllabus. The evidence showed that the injuries were severe and permanent in their effects, totally disabling him from work, etc.

BARROW & JACKSON, J. T. PENDLETON and DORSEY, BREWSTER & HOWELL, for plaintiff in error.

HOKE SMITH, contra.

BLECKLEY, Chief Justice.

In the head-notes we have developed fully the views of the court upon the whole case, and no further discussion seems necessary. There was no error in denying a new trial.          *Judgment affirmed.*