### 1982.  DAVIS *v.* RAGIN & WINN.

HILL, C. J.  A panel of regularly drawn and summoned jurors being incomplete, the judge directed the sheriff to summon talesmen to complete the panel.  During the term a case in which the sheriff who summoned the talesmen was a party defendant was tried, and a verdict rendered in his favor.  While the case was being considered by the jury, the sheriff and his deputy were both in charge of the jury, and took dinner in the same room with the jurors, but at a separate table. No allegation is made that any of the talesmen summoned by the sheriff served on the jury that tried the case, nor is there an allegation that he held any communication whatever with any member of the jury during the consideration of the case, or when he and his deputy took dinner in the same room where the jurors dined.  Nor is there any allegation that the plaintiff was in any manner injured by the facts above stated, or that the facts were not fully known to him before the verdict, and when the jury that tried the case was selected.  *Held:*  If the above-stated facts amounted to irregularities, and were known to the plaintiff before the jury was selected, it was his duty to call the attention of the court to the same by an appropriate challenge to the jurors.  He could not, with knowledge of the irregularities, if such they were, take the chance of obtaining a verdict in his favor, and, when he failed to do so, insist upon such irregularities as grounds for a new trial.  *Waller* v. *State,* 2 *Ga. App.* 636 (58 S. E. 1106); *Allen* v. *State,* 61 *Ga.* 166; *Wynn* v. *City & Suburban Ry.,* 91 *Ga.* 344 (17 S. E. 649); *Central R. Co.* v. *Wiggins,* 91 *Ga.* 208 (18 S. E. 187); *Robinson* v. *State,* 109 *Ga.* 506 (34 S. E. 1017).  *Judgment affirmed.*

Action for damages; from city court of Houston county—Judge Duncan.  April 11, 1909.

Argued October 26, 1909.—Decided January 21, 1910.

*Bryan B. Davis,* for plaintiff.  *R. N. Holtzclaw,* for defendants.

---

### 2002.  STAHL *v.* SOMMER.

HILL, C. J.  1. In an action of trover to recover possession of a diamond ring, where the issue made by the evidence was whether the plaintiff had title to the ring, or had advanced to the defendant the money with which to purchase the ring, it was not error for the court to instruct the jury, in effect, that if they believed the latter to be the truth, the plaintiff's remedy would be a suit for the money advanced, and not a suit for the ring.

2. The evidence fully supports the verdict.          *Judgment affirmed.*

Trover; from city court of Atlanta—Judge Reid.  June 12, 1909.

Argued October 26, 1909.—Decided January 21, 1910.

*F. E. Radensleben,* for plaintiff.  *W. W. Visanska,* for defendant.