11995, 12039. SIMMONS LUMBER COMPANY *v.* TOCCOA FURNITURE COMPANY; and *vice versa.*

JENKINS, P. J. Suit by attachment was instituted on two promissory notes given by the defendant for the purchase-price of certain machinery. In the declaration judgment was asked for principal, interest, and attorney's fees. The defendant demurred to that portion in which attorney's fees were claimed. In a special plea the defendant admitted the execution of the notes and that the plaintiff was the holder, and that the statutory notice required for recovery of attorney's fees had been served as alleged, and claimed a certain sum by way of set-off, and also set up a cross-action by way of recoupment, alleging that the plaintiff had breached a certain contract relating to the machinery in question, entered into with the defendant at the time of the purchase. The demurrer as to attorney's fees was overruled, and to this ruling exceptions pendente lite were taken. A verdict was rendered in favor of the plaintiff, including a portion of the attorney's fees. Exception is taken to the overruling of defendant's motion for new trial. *Held*:

1. The defendant having admitted the execution of the notes and prima facie liability thereon, it was not erroneous or confusing for the judge to charge the jury that whatever they might do, they would have to " compute " this admitted liability in their finding; the charge being otherwise full and fair relative to the defenses actually relied upon.

2. The concluding remark of the court in a colloquy with the plaintiff's counsel, having explicit reference to the mere form of the verdict in the event a finding should be made in favor of the plaintiff, could not be taken as an expression of opinion as to what had or had not been proved, or as an attempt to give direction as to what should be the nature of the jury's finding.

3. " One or more of the jurors may, during the argument of counsel, make notes of what is said or what is claimed; and that this is done at the request of counsel, and whilst he reads from a calculation which he has prepared, will make no difference." *Tift* v. *Towns*, 63 *Ga.* 237, 238(4). And see *Lilly* v. *Griffin*, 71 *Ga.* 535(1); *Vaughn* v. *State*, 17 *Ga. App.* 268, 269(2) (86 S. E. 461).

4. There being no " return day " in an attachment proceeding, under the ruling made in *Davenport* v. *Richards*, 138 *Ga.* 611, 612 (75 S. E. 648), the demurrer to that portion of the petition claiming attorney's fees should have been sustained. The plaintiff in the court below is given the privilege of writing off the attorney's fees at the time the remittitur from this court is made the judgment of the trial court; otherwise the judgment is reversed.*

*Judgment affirmed, with direction, on the main bill of exceptions; crossbill dismissed. Stephens and Hill, JJ., concur.*

DECIDED MAY 2, 1921.

* NOTE. As to attorney's fees, see subsequent decision, *Watters* v. *O'Neill*, 151 *Ga.* 680 (108 S. E. 35).

Attachment; from Stephens superior court — Judge J. B. Jones.
October 23, 1920.

*J. H. & Emmett Skelton, Fermor Barrett, H. H. Perry,* for
Simmons Lumber Company.

*Davis & Davis, Goode & Owen, W. A. Charters,* contra.