37273. SOUTHERN RAILWAY COMPANY *v.* JONES.

DECIDED SEPTEMBER 18, 1958—REHEARING DENIED OCTOBER 14, 1958.

314

*Greene, Neely, Buckley & DeRieux, Edgar A. Neely, Jr.,* for plaintiff in error.

*Lewis & Lewis, T. J. Lewis, T. J. Lewis, Jr.,* contra.

NICHOLS, Judge. 1. The plaintiff, at the time of the injury sued for, was a switchman employed by the defendant railroad. The evidence authorized the jury to find that the plaintiff had ridden a boxcar into a side track and applied the handbrake sufficiently to stop the boxcar from rolling, that after signaling a fellow employee with his lantern, but before he had completed "tieing down" the handbrake, the handbrake, because of a defect spun loose causing the plaintiff to be thrown to the ground where he suffered certain fractures to his foot and other injuries, and as a result of such injuries he, according to medical testimony, cannot resume his previous employment or undertake other employment where he would be required to walk over rough terrain inasmuch as certain bones in the foot that was fractured had to be fused together so that no movement of the joints could take place. A verdict for the plaintiff was authorized by the evidence.

2. The special grounds of the defendant's motion for new trial numbered 4 and 5 assign error on the failure to charge, and the refusal to charge with timely written request, that, if the jury should find that the sole proximate cause of the plaintiff's injuries, if any, was his own negligence, a verdict for the defendant should be returned.

The defendant, as a further plea and answer, alleged that the sole proximate cause of the plaintiff's injuries was his own negligence, but there was no evidence adduced on the trial to support this plea. All of the evidence adduced by the defendant sought to impeach the plaintiff and the plaintiff's witnesses, but none was adduced to show that the plaintiff was negligent in any manner. Had the jury believed that the plaintiff's evidence was impeached, then the jury should have found that the plaintiff failed to carry the burden of proof and was not entitled to recover, and the jury was so instructed, but a finding that the plaintiff's negligence was the sole proximate cause of his injury could only have been found after a finding that he had not carried the burden of proof had been arrived at, which would in

and of itself have prevented the plaintiff from a recovery. It was not error to fail to charge the jury the law on a pleading which was not supported by the evidence. *Hare* v. *Southern Ry. Co.*, 61 *Ga. App.* 159, 161 (6 S. E. 2d 65) and citations; *Limbert* v. *Bishop*, 96 *Ga. App.* 652 (101 S. E. 2d 148).

3. Special grounds 6 and 7 assign error on the failure to charge, and the refusal to charge with timely written request, that the plaintiff was required to exercise ordinary care for his own safety and that a failure to exercise such care amounted to negligence.

As stated in the foregoing division of the opinion there was no evidence of any negligence on the part of the plaintiff to support the allegations of the defendant's answer, that the negligence of the plaintiff was the sole proximate cause of his alleged injuries. However, assuming, but not deciding, that there was some evidence of a failure to exercise ordinary care for his own safety by the plaintiff, a charge that such action would amount to negligence without evidence to support a finding that such negligence could have been the sole proximate cause of his alleged injuries would not have been authorized. As said by the Supreme Court in *Bass* v. *Seaboard Air Line R. Co.*, 205 *Ga.* 458, 471 (53 S. E. 2d 895): "Here the alleged negligence of the railroad is its violation of the law enacted for the safety of the employee in respect to efficient hand brakes, and in these circumstances the proviso in § 53 [Federal Safety Appliance Act (45 U.S.C.A.)], comes into operation. That proviso, as hereinabove quoted, eliminates any negligence of the employee where the violation by the common carrier of a statute enacted for the safety of the employee contributes to injury or death of such employee, and his contributory negligence, if any, does not operate to diminish the amount of recovery. Grand Trunk &c. R. Co. *v.* Lindsay, 233 U.S. 42 (34 Sup. Ct. 581, 58 L. ed. 838); Spokane & I.E.R. *v.* Campbell, 241 U.S. 497, 510 (36 Sup. Ct. 683, 60 L. ed. 1125)."

Accordingly, there is no merit in these grounds of the amended motion for new trial.

4. Special grounds 8, 9, 10, and 11 assign error on the refusal of the trial court to charge the jury certain timely submitted written requests.

Code § 70-207 requires a new trial to be granted when a request to charge which is legal and adjusted to a distinct matter in issue, and which may materially aid the jury is refused, although the subject matter of the requested charge is given in more abstract terms. See *Randall* v. *State*, 210 *Ga.* 435 (1) (80 S. E. 2d 695); *Werk* v. *Big Bunker Hill Mining Corp.*, 193 *Ga.* 217 (4, 5) (17 S. E. 2d 825), and citations.

In the present case the requests to charge were submitted in writing before the jury retired to consider its verdict, but such requests do not require the grant of a new trial inasmuch as they were no more adjusted to the facts of the case than were the charges given by the trial court on such subjects. Accordingly, no harmful error to the defendant is shown by these grounds of its amended motion for new trial. See *Yellow Cab Co.* v. *Adams*, 71 *Ga. App.* 404, 411 (31 S .E. 2d 195).

5. Special ground 12 assigns error on the refusal of the trial court to grant the defendant's motion for mistrial made after a spectator, who had an action pending against the defendant, blocked the way of a juror and spoke to him at a time when the jury was leaving the courtroom after having been dismissed for the day after counsel had concluded their arguments but before the jury was charged by the trial court.

Had this conversation taken place after the jury had been sent out to make up its verdict a new trial would have been demanded. *Shaw* v. *State*, 83 *Ga.* 92 (9 S. E. 768); *Robinson* v. *Donehoo*, 97 *Ga.* 702 (25 S. E. 491); *Central of Ga. Ry. Co.* v. *Hammond*, 109 *Ga.* 383; and *Shahan* v. *American Telephone &c. Co.*, 72 *Ga. App.* 749, 755 (35 S. E. 2d 5). However, under the decision of this court in *Emory University* v. *Lee*, 97 *Ga. App.* 680, 693 (104 S. E. 2d 234), and the cases therein cited, no error is shown by this ground of the amended motion for new trial, although the record does not affirmatively show what was said during the conversation.

6. It is contended in special ground 14 that the verdict for the plaintiff for $27,500 was so excessive as to show bias and prejudice.

The evidence showed that the plaintiff was hospitalized on at least three occasions as a result of the injuries occasioned by

him as a result of the incident, that he is permanently disabled to some extent, that he has suffered past pain and suffering and will continue to so suffer in the future, that he cannot pursue his former employment as a result of the injuries sustained, and that he has suffered the loss of substantial earnings between the time of the injury and the trial. Under the decisions of this court in *City of Commerce* v. *Bradford,* 94 *Ga. App.* 284, 291 (94 S. E. 2d 160), and *Limbert* v. *Bishop,* 96 *Ga. App.* 652, 658, supra, the verdict cannot be said to have been so excessive as to show bias and prejudice.

No reversible error is shown by the amended motion for new trial, and the judgment of the trial court denying the defendant a new trial must be affirmed.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*