## 47651. SMITH v. BLACKSHEAR et al.

HALL, Presiding Judge. Plaintiff appeals from the denial of her motion for mistrial on the ground of jury misconduct. It seems that during a recess, while the plaintiff's case was still in progress, plaintiff's lawyer went into the refreshment room and overheard some jurors talking among themselves about the suit. They were apparently speculating about the absence from the trial of two people who might be expected to be there—one for plaintiff and one for defendant. Nothing in the conversation as reported indicates the jurors had already formed an opinion on the merits of the case.

Plaintiff's motion was based solely on the ground that the jury had discussed the case among themselves before the close of all the evidence. On this appeal she contends the jury must have had an unlawful association or communication. Aside from the fact that this was not the basis of the motion before the trial court, there is also no evidence in the record to support this contention. The source

of the information discussed by the jury was accounted for in the course of the trial itself.

The only issue on this appeal is whether the court manifestly abused its broad discretion in denying a mistrial because the jury had discussed the case. We do not believe so. The reported conversation did not indicate that a fair and impartial trial could not be had with this jury. Absent such a showing, the appellate courts will not interfere with the trial court's discretion. *Salmon v. Salmon*, 223 Ga. 129 (1) (153 SE2d 719); *Central R. & Bkg. Co. v. Wiggins*, 91 Ga. 208 (1) (18 SE 187); *Emory University v. Lee*, 97 Ga. App. 680 (2) (104 SE2d 234).

*Judgment affirmed. Pannell and Quillian, JJ., concur.*

ARGUED NOVEMBER 7, 1972 — DECIDED NOVEMBER 21, 1972.

*Cochran, Camp & Snipes, Donald O. Nelson,* for appellant.

*Burt, Burt & Rentz, H. P. Burt, Watson, Spence, Lowe & Chambless, G. Stuart Watson,* for appellees.