## 52221. LATEX FILLER & CHEMICAL COMPANY, INC. et al. v. CHAPMAN.

CLARK, Judge.

The sole question presented by this appeal is whether a pending tort claim against a master based on the doctrine of respondeat superior acts as a bar to a

simultaneous tort action against the master's servant.

This litigation arose out of a collision between a truck, driven by Eldon Peters and owned by Latex Filler & Chemical Company (appellants), and an automobile, operated by Nellie M. Chapman (appellee). In a prior suit, Ida Cheeks, a passenger in Chapman's vehicle, brought suit against Latex in the Superior Court of Whitfield County to recover damages for the alleged negligence of Latex's servant, Peters. Latex answered, denying liability and instituting a third-party action against Chapman for contribution.

Thereafter, Chapman brought this case against Latex and Peters in Whitfield Superior Court, seeking to recover for alleged negligence of Peters. Appellants defended on the ground that the same cause was pending in the third-party action of the prior suit and that Chapman's claim should have been raised therein. The trial court deemed this defense meritorious and entered judgment for appellants. Chapman subsequently sought amendment of this judgment.

Following a hearing, the trial court amended its judgment, reinstating Chapman's case against appellant Peters alone. Simultaneously, the court allowed Chapman to set up by amendment its compulsory counterclaim against Latex in the third-party action of the prior case.

Dissatisfied with the reinstatement of Chapman's action against Peters, appellants sought a review of this ruling. The trial court certified its decision for immediate review and we granted an interlocutory appeal.

We affirm the trial court's decision to reinstate the action against appellant Peters.

Chapman's action against Latex was barred because Chapman was bound to assert as a counterclaim any claim she had against Latex arising out of the same transaction or occurrence which formed the basis of the third-party action in the prior case. Code Ann. §§ 81A-114 (a), 81A-113 (a); see *Myers v. United Services Auto. Assn.*, 130 Ga. App. 357 (203 SE2d 304). Chapman could have set forth her claim against Peters in the prior suit by bringing a fourth-party action against him. Code Ann. § 81A-114 (a). But she was not bound to prosecute her claim in that

manner.

Appellants contend Chapman's counterclaim against Latex in the prior case bars this action by Chapman against Peters. We disagree. "In order for the pendency of a former suit to be the basis of a plea in abatement to a subsequent suit, both suits must be for the same cause of action and between the same parties." *Bird v. Trapnell*, 148 Ga. 301 (96 SE 417); Code § 3-607. See also *Ritchie Gas of Cornelia v. Ferguson*, 111 Ga. App. 187 (140 SE2d 925).

Peters is not a party to Chapman's prior claim; and, although he is the servant of Latex, he is not in privity with his master. *Porterfield v. Gilmer*, 132 Ga. App. 463 (208 SE2d 295), affd., 233 Ga. 671 (212 SE2d 842). Accordingly, Chapman may simultaneously prosecute her claim against Peters and her counterclaim against Latex. "A plaintiff may pursue any number of consistent or inconsistent remedies against the same person or different persons until he shall obtain a satisfaction from some of them." Code § 3-114. See also 1 CJS 92, Abatement and Revival, § 56, which notes that the pendency of an action against one joint tortfeasor is not a defense to an action against another joint tortfeasor.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

Argued June 7, 1976 — Decided July 2, 1976 — Rehearing denied July 20, 1976 —

J. Clinton Sumner, Jr., for appellant.

Mitchell, Mitchell, Coppedge & Boyett, Warren N. Coppedge, Jr., Mundy & Gammage, E. Lamar Gammage, Jr., for appellee.