54032, 54033. POST-TENSIONED CONSTRUCTION, INC. v. VSL CORPORATION; and vice versa.

SHULMAN, Judge.

A jury returned a verdict in favor of plaintiff-appellee VSL Corp. in a suit based on breach of contract. This appeal follows the denial of a motion for a new trial.

1. Appellant asserts that the verdict cannot stand because it was based on an improper consideration of evidence.

The record shows that the jury interrupted de-liberations to request that the court supply them with certain figures relevant to damages. The court refused this request. While the jury was in the courtroom requesting the calculations, the figures were on the blackboard within the jury's view. The figures totaled $113,332.53. The jury returned a verdict of $113,296.27. Appellant submits, based on the closeness of the award and blackboard figures, that the jury noted the blackboard

calculations in rendering its verdict. The regulation of a juror's note-taking is addressed to the sound discretion of the trial court. *Williamson v. State,* 142 Ga. App. 177 (3). Here, the trial court exercised its discretion by deciding that if notes were in fact taken, this would not be sufficient to warrant a new trial. We cannot say that this was error. *Vaughn v. State,* 17 Ga. App. 268 (2) (86 SE 461); *Simmons Lumber Co. v. Toccoa Furniture Co.,* 26 Ga. App. 758 (3) (107 SE 340).

2. Citing *O'Barr v. Alexander,* 37 Ga. 195 (6), the appellant attacks the jury verdict because an unauthorized person, without the knowledge or consent of counsel, visited the jury in the deliberation room sometime during the course of the trial. The trial judge questioned the intruder, ascertained that the stranger's purpose in visiting the jury room was to bring refreshments to a juror-companion and was satisfied that a fair and impartial trial could be had.

"Ordinarily motions for [new trial] because of improper conduct of jurors or parties are addressed to the sound discretion of the trial judge." *Emory University v. Lee,* 97 Ga. App. 680 (2) (104 SE2d 234). Unless there is an abuse of discretion the appellate court will not upset the trial judge's determination. *Bennett v. State,* 86 Ga. App. 39 (2) (70 SE2d 882); *Smith v. Blackshear,* 127 Ga. App. 610 (194 SE2d 519). We do not agree that the irregularity in the conduct of the jury which occurred here requires a new trial. *Southern R. Co. v. Brown,* 126 Ga. 1 (3) (54 SE 911). See also *Southern R. Co. v. Jones,* 98 Ga. App. 313 (5) (106 SE2d 298).

3. Appellant contends that the judge erred in excluding evidence as to attorney fees relating to appellant's counterclaim. This enumeration must fail.

Under repeated rulings of this court, any error in excluding evidence as to damages affords no basis for reversal where the jury finds for the opposing party on the issue of liability. *Maloy v. Dixon,* 127 Ga. App. 151, 156 (Footnote 2) (193 SE2d 19).

4. Appellant argues in his brief that the exclusion of certain testimony from a deposition constituted error. Unfortunately for appellant, this was not enumerated as error. Accordingly, this court is without jurisdiction to

consider the issue. *Riggins v. State,* 128 Ga. App. 478 (2) (197 SE2d 154).

5. In Enumeration 5, it is submitted that the court erred in failing to inform appellant's counsel of its intention concerning opposing counsel's requests to charge as required by Code Ann. § 70-207 (b). Although we emphatically disapprove of the failure of a trial judge to comply with statutory requirements, we see no error under the facts of this case.

At no time did appellant request to reargue the facts in light of the law of the case as charged. See *Daniels v. State,* 137 Ga. App. 371 (4) (224 SE2d 60). At no time did appellant object to the court's failure to comply with Code Ann. § 70-207 (b). At no time did appellant request to be informed of the charges.

"[I]n the absence of any request by counsel to be informed of the judge's proposed action on the requested charges (which request was not made in the instant case), noncompliance with the provision in question is not, in and of itself, reversible error. [Cits.]" *Braswell v. Owen of Ga.,* 128 Ga. App. 528 (3), (197 SE2d 463). Even if a proper request had been made, ". . . in order to warrant a reversal or new trial for failure to comply with this rule, prejudice must be shown. [Cits.]" *Seaney & Co. v. Katz,* 132 Ga. App. 456 (208 SE2d 333). See also *Smith v. Poteet,* 127 Ga. App. 735 (8) (195 SE2d 213). No such showing was made here.

6. In Enumerations 6 and 7, appellant urges that the court erred in giving various charges. Appellant did not object to any charge of the trial court and may not raise these issues for the first time on appeal. *Atlanta & W. P. R. Co. v. Armstrong,* 138 Ga. App. 577 (2) (227 SE2d 71); *Christiansen v. Robertson,* 237 Ga. 711 (229 SE2d 472); Code Ann. § 70-207 (a).

7. Enumerations 8, 9 and 10 are not argued in the brief and are deemed abandoned. *Power v. Tallant,* 137 Ga. App. 575 (224 SE2d 534); *O'Neal v. Haverty Furniture Cos., Inc.,* 138 Ga. App. 346 (226 SE2d 141).

8. In cross appeal, VSL Corporation asserts that the trial court erred in striking Count 2 of its complaint against Post-Tensioned Construction, Inc. and in refusing to apply Code Ann. § 81A-136 to Post-Tensioned's failure to reply to certain requests for admissions. Count 2 alleges

that cross appellee Post-Tensioned committed an anticipatory breach by canceling a contract to purchase building materials after cross appellant had begun manufacturing.

Although in a verified answer to VSL's complaint, Post-Tensioned denied any amount was owing, Post-Tensioned failed to reply or object to VSL's request for admissions within the prescribed 30-day period. The record contains no showing of excusable neglect or of any attempt to obtain an extension of time for answering.

The admissions included the following: (1) that Post-Tensioned had submitted a purchase order to VSL, (2) that the purchase order constituted a contract, (3) that Post-Tensioned breached the contract, (4) that as a consequence of the breach Post-Tensioned was indebted to VSL in the amount of $50,000.

Since the failure to make a motion to have admissions withdrawn or amended forecloses remedial action under Code Ann. § 81A-136 (b), the requests for admissions which were not answered or objected to are deemed admitted. *National Bank of Ga. v. Merritt,* 130 Ga. App. 85 (202 SE2d 193); *Porter v. Murlas Bros. Commodities,* 134 Ga. App. 96 (213 SE2d 190); *Strickland v. C & S Nat. Bank,* 137 Ga. App. 538 (224 SE2d 504).

The trial judge granted the motion to strike Count 2 of the complaint because of his finding as a matter of law that no contract existed because of a variance in the terms of the offer and acceptance. Since the fact of the contract's existence was admitted by failure to answer, evidence of lack of contract formalities is not admissible to controvert the existence of the contract. *ETI Corp. v. Hammett,* 140 Ga. App. 618 (231 SE2d 545).

Granting the motion to strike was error which requires reversal.

9. Cross appellants have made no reference to the portion of the record wherein they moved for directed verdict as to Count 2. Accordingly, the contention that the judge erred in denying their motion for directed verdict cannot be sustained. *North Peachtree I-285 Properties v. McCleskey,* 136 Ga. App. 434 (221 SE2d 614); *Crider v. State of Ga.,* 115 Ga. App. 347 (154 SE2d 743).

*Judgment reversed in part and affirmed in part.*

*Quillian, P. J., and Banke, J., concur.*

SUBMITTED JUNE 8, 1977 — DECIDED JULY 11, 1977 — REHEARING DENIED JULY 29, 1977, IN CASE NO. 54033.

*Richard A. Thibadeau,* for appellant.
*Rose & Stern, James W. Penland, Steven. Schaikewitz,* for appellee.