### 71815. McCALL v. PARKER et al.
(341 SE2d 303)

BIRDSONG, Presiding Judge.

McCall was the plaintiff below in this suit for damages incurred when McCall, as pedestrian, was struck by a car driven by appellee Parker. The jury returned a verdict for the defendant. On appeal, McCall contends the trial court erred (on grounds of technical admissibility and not relevancy) in admitting deposition testimony by Dr. Etheridge, chief pathologist at the treating hospital and overseer of the department administering blood-alcohol tests, in which he stated based on a certified copy of appellant's medical report that results of a blood-alcohol test showed appellant's level of intoxication to be .265 percent, and further that in his opinion the appellant was "moderately intoxicated." *Held*:

The physician's testimony as to the blood-alcohol test results was not inadmissible as being based on hearsay, but was admissible, as an exception to the hearsay rule, as being based upon a business record under OCGA § 24-3-14, or more pertinently, upon a certified medical record under OCGA § 24-7-8. *Wilson v. Childers*, 174 Ga. App. 179 (329 SE2d 503). The lab report was certified as a true and correct copy of medical records and therefore it was not necessary to lay a

foundation for its admission by offering the testimony of the medical personnel who performed the various tests. Id. p. 181. The test results being part of certified medical records kept in the course of treatment, it makes no difference to its admissibility that it was not proved precisely why and by whom the blood-alcohol test was requested to be made.

As for the doctor's statement that the test showed appellant was "moderately intoxicated," these were opinions of an expert available for cross-examination. Id. p. 180. As to the alcohol level of .265 percent, the opinion was not based on facts not in evidence. As to the part which might have been pure opinion, the doctor testified on cross-examination that some persons would react differently than others to the same level of intoxication, and would have higher tolerance, and that he could not say to what degree appellant was affected by the alcohol.

This case is controlled by *Wilson v. Childers*, supra, on every point and accordingly, we find no harmful error requiring a new trial or reversal of this verdict.

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED FEBRUARY 11, 1986.

*James M. Wootan*, for appellant.
*Robert S. Slocumb, E. Bruce Benton*, for appellees.