72268. WRIGHT v. SATILLA RURAL ELECTRIC
COOPERATIVE.
(345 SE2d 892)

BANKE, Chief Judge.

Appellant Pamela Griffis Wright, widow of Don Sidney Wright, brought an action against appellee Satilla Rural Electric Cooperative alleging negligence and seeking damages for the wrongful death of her husband. A jury trial resulted in a verdict of $20,000 for appellant. She appeals the denial of her motion for new trial, contending that appellee's agent wrongfully communicated with a juror during trial and that the jury award was inadequate.

The decedent, a 22-year-old farmer, was electrocuted when an irrigation pipe he was lifting came into contact with a high voltage electric line owned and maintained by appellee. The evidence was in dispute as to whether or not the power line was sagging below the minimum height requirements set by the National Electric Safety Code and whether or not the pipe would have come into contact with the power line had the height requirements been met. It was uncontroverted, however, that a neutral non-conducting line normally maintained below the primary line for safety reasons had been down for 14 months preceding the electrocution. Appellee had been notified of the downing of the neutral line but had failed to restore it, despite

having received numerous telephone requests to do so. An expert witness called by appellant testified that if the neutral line had been in place, the pipe would have contacted that line rather than the electrically charged line, thereby preventing injury or death. Appellee offered evidence to rebut that theory.

The jurors were empaneled on May 20, 1985, and were emphatically admonished by the court at that time that there were to be no communications between themselves and the parties and counsel to this lawsuit during the pendency of the trial. On the same day, appellee's agents mailed dividend checks to approximately 11,000 area customers. Similar mailings occurred on May 28 and June 3. The trial concluded on May 29.

During the trial, one of the jurors received two separate dividend checks from appellee totaling $26.18. These checks were addressed to her deceased father-in-law, but she opened the envelopes and read an enclosed statement that future refunds might be approved if "Satilla's financial condition permits."

In her motion for new trial, appellant claimed that appellee had wrongfully communicated with a juror during the trial by sending the dividend checks. At a hearing on that motion, the trial judge observed that he had learned of the dividend mailings while the trial was in progress and had discussed it with appellee's counsel. The judge further noted that the mailings could have been prevented. He nevertheless denied the motion. *Held*:

1. "Ordinarily motions for (new trial) because of improper conduct of jurors or parties are addressed to the sound discretion of the trial judge. [Cit.] Unless there is an abuse of discretion, the appellate court will not upset the trial judge's determination. [Cits.]" *Post-Tensioned Constr. v. VSL Corp.*, 143 Ga. App. 148 (2) (237 SE2d 618) (1977). Here, the trial court exercised its discretion in ruling that appellee's conduct in mailing the dividend checks during the course of the trial did not warrant retrial of the case. The court, however, admonished appellee and reiterated his strong conviction that the jury must be scrupulously protected from such outside influences.

Our courts have long held that the purity and integrity of our jury system must be strictly enforced. See, e.g., *Alabama Great Southern R. Co. v. Brown*, 140 Ga. 792 (1) (79 SE 1113) (1913) (definitive discussion of the sanctity of the jury system). While we unequivocally condemn *any* attempt to influence a jury, we cannot say that the trial court abused its discretion in denying a new trial in the present case. The juror in question stated in an affidavit that she had not been influenced by the mailing and that she had not revealed it to the other jurors. OCGA § 9-10-9 provides that affidavits of jurors may be taken to sustain but not to impeach their verdict. This rule of law has withstood constitutional challenge and has been followed consistently.

See *Shouse v. State*, 231 Ga. 716 (3) (203 SE2d 537) (1974); *Swift v. S. S. Kresge Co.*, 159 Ga. App. 571 (1) (284 SE2d 74) (1981). Therefore, taking into consideration the juror's affidavit, we hold that the trial court was authorized to conclude that the jury had not been influenced by the conduct of the appellee and that the appellant's right to a fair and impartial trial had not been violated. Accord *Smith v. Blackshear*, 127 Ga. App. 610 (194 SE2d 519) (1972); *Salmon v. Salmon*, 223 Ga. 129 (153 SE2d 719) (1967).

2. Appellant further contends that the award of damages was so inadequate as to raise an inference of gross mistake or bias.

The evidence adduced at trial authorized the application of the doctrine of comparative negligence, and the jury was charged accordingly. See OCGA § 51-11-7. They returned a verdict of $20,000 in favor of the plaintiff/appellant, thereby finding by implication that the decedent's death had resulted in greater measure from the defendant/appellee's negligence than from his own. Appellant submits that even if the value of the decedent's life, as established by the evidence at trial, were reduced by 49 percent, the jury verdict was nevertheless grossly inadequate. Appellant's argument, however, is unsupported by case authority. On the contrary, we have approved "any apportionment of damages the jury sees fit to make when the negligence of both parties contributes to the injuries but the plaintiff's to a lesser degree than the defendant's. [Cits.]" *McDonald v. Vaughan*, 115 Ga. App. 544 (154 SE2d 871) (1967).

" 'Where the evidence authorizes the jury to find that both parties are at fault, but the defendant slightly more so, so as to give the plaintiff a cause of action, a verdict for a small amount of damages is proper and should not be disturbed. [Cits.]' 'The amount of the verdict is peculiarly a jury question.' [Cit.] 'This verdict has the approval of the trial judge, and absent a manifest abuse and miscarriage of justice it should not be disturbed by an appellate court on the ground of inadequacy.' [Cits.]" *Waggoner v. Bevich*, 127 Ga. App. 877, 880 (195 SE2d 246) (1973).

Appellant relies on authority granting a new trial where the injury was substantial and the award nominal. Such is not the case here. Nor does the record justify the inference that the verdict was the result of gross mistake. "Indeed, there is a presumption that the verdict of a jury is based on a fair consideration of all matters presented to it. [Cits.]" *Brown v. Svc. Coach Lines*, 71 Ga. App. 437, 441 (31 SE2d 236) (1944). Accordingly, this enumeration of error is without merit.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED MAY 15, 1986 —
REHEARING DENIED MAY 29, 1986 — 

*Robert B. Smith*, for appellant.
*Stanley M. Karsman, Kenneth L. Royal*, for appellee.