32563. DAVIS *v.* HUNTER & COMPANY.

Decided July 12, 1949.

*Clapp & Gaines, Raymond A. Mulkey,* for plaintiff in error.

*Joseph M. Brown, William W. McNeal, William Warren, Allyn M. Schiffer,* contra.

Townsend, J. (After stating the foregoing facts.) ■ Special ground 1 contends that the trial court erred in admitting certain evidence consisting of documents, by which all the defendants herein procured a loan from the Reconstruction Finance Corporation, as well as certain oral testimony of witnesses relating thereto. The documentary evidence complained of as being inadmissible consisted of certain inventory mortgages, personal-property mortgages, and a note, all of which were signed by each of the defendants as partners, and certain of the papers relating

to the transaction, which were not signed in this manner. The oral testimony complained of was the testimony of F. Morgan Sutton, one of the defendants, identifying the papers and the signatures of all the defendants.

In *McMillan* v. *Gilmour*, 49 *Ga. App.* 400 (1) (175 S. E. 672), it was held as follows: "In the instant action on an open account by a creditor against two alleged copartners, the court did not err in admitting in evidence, to prove partnership, the contracts by which the defendants jointly obtained an option to purchase from the owners patents for machines or processes to manufacture iron pipe, or in admitting a contract between the defendants in which they expressly designated themselves as 'copartners'; or other parol evidence; all tending to show that the defendants were joint owners of their interest in the patents and were jointly interested in their development."

In *Dixon* v. *Sol Loeb Co.*, 31 *Ga. App.* 165 (3) (120 S. E. 31), it was held as follows: "Where there is independent prima facie proof of a partnership, the declarations of either one of the alleged partners, written or spoken, are admissible in corroboration." In *Ford* v. *Kennedy*, 64 *Ga.* 537 (4) it was held that "admissions of one who denies being a partner are admissible to prove him such."

The documentary evidence regarding the loan which the defendants procured from the Reconstruction Finance Corporation, being loan papers signed by each of the defendants including Davis, tended to show that the defendants were joint owners of the property on which the loan was being procured. See Code, § 75-102. Being signed by the defendants as partners, they constituted written admissions of this relationship. The oral evidence relating to these documents merely identified them, together with the signatures affixed thereto. The evidence was admissible, and this assignment of error is without merit.

■ Special ground 2 contends that the trial court erred in overruling the motion of counsel for the defendant Davis to strike from the record any and all testimony of the defendant Morgan Sutton tending to show a partnership agreement between the defendants. It is contended that a certain note executed by Sutton to Davis for $5000 which was in writing, constituted the agreement between the parties, and that parol evidence concerning the alleged partnership was inadmissible, as it tended to show

a parol agreement made contemporaneously with the execution of the written one. The note in question is dated June 10, 1946, is payable on demand to Mr. and Mrs. R. Means Davis in the principal sum of $5000, and provides for 5% interest payable every six months. On the back of the note appears an indorsement as follows: "It is understood that said money is to be used in, and a % share in Morgan Sutton and Company. To be protected by mortgage on properties held by me." This indorsement, as well as the note itself, is signed by the defendant Sutton.

The indorsement on the back of the note clearly shows that the note and the indorsement failed to express the whole contract between the parties. The language of the indorsement strongly indicates that there was an agreement between the parties of which the note and the indorsement are only a part. Code § 38-504 provides as follows: "If the writing does not purport to contain all the stipulations of the contract, parol evidence shall be admissible to prove other portions thereof not inconsistent with the writing; so collateral undertakings between parties of the same part among themselves would not properly be looked for in the writing."

In *Martin* v. *Thrower*, 3 *Ga. App.* 784 (2) (60 S. E. 825), the court held: "A contract may be partly in writing and partly verbal. In such a case, all evidence tending to show what the entire contract really was should be admitted." This rule has been applied where a part of the contract consisted of a promissory note. See *Crooker* v. *Hamilton*, 3 *Ga. App.* 190 (4) (59 S. E. 722).

The testimony of the defendant Sutton as to the contract of partnership between the defendants was not inconsistent with the note and was admissible. This assignment of error is without merit.

■ The alleged error contained in the bill of exceptions, by which it is contended that the trial court erred in overruling the plea of nul tiel partnership, special ground 3 raising the same question, and the general grounds of the motion for a new trial in which it is also contended that the evidence is insufficient to show a partnership, are considered together. There is no contention that the evidence fails to show that the account was properly proved. Therefore, if the evidence is sufficient to show a partnership, then the final judgment is supported by the evidence.

On the question of whether or not the evidence is sufficient to show a partnership, the trial judge, hearing the case and determining the facts without the intervention of a jury, was authorized to find facts as follows: that the defendant, Morgan Sutton, became engaged in the business of interior decorating in Atlanta in the year 1946; that, after he had thus entered the business, the defendant, R. Means Davis, and the other defendants at different times put money into the business for the purpose of purchasing a share thereof; that the defendant Davis entered the business in this manner on June 10, 1946, when he gave the defendant Sutton a check for $5000, and received a note of even date therewith and in like sum, which note is referred to in the second division of this opinion; that, after all the parties had thus entered the business, they began meeting at the place of business and jointly discussing its management; that growing out of these meetings a parol contract of partnership was entered into between the parties whereby they all became active partners, jointly owning the business and its assets and entitled to divide the profits according to their investment in the business; that in June, 1947, after weeks of discussion, the partners agreed to expand the business by procuring from the Reconstruction Finance Corporation a loan on the partnership assets for $25,000; that this loan was accordingly procured and the loan papers executed by each of the defendants as partners; that thereafter they became indebted to the plaintiffs herein on the account forming the basis of this action in the sum of $425.51.

Code § 75-102 provides as follows: "A joint interest in partnership property, or joint interest in the profits and losses of the business, shall constitute a partnership as to third persons. A common interest in profits alone shall not." The trial judge here was authorized to find that the parties intended by their agreement to become partners and that they were joint owners of the partnership property. This is sufficient to support his finding that a partnership existed. See *Smith* v. *Hancock,* 163 *Ga.* 222 (136 S. E. 52).

The judgments of the trial court overruling the plea of nul tiel partnership and the motion for a new trial as amended are without error.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*