## 43356. EVANS IMPLEMENT COMPANY v. THOMAS INDUSTRIES, INC.

ARGUED JANUARY 12, 1968—DECIDED FEBRUARY 21, 1968.

*Johnson & Hayes, Herbert Johnson,* for appellant.

*Spearman, Bynum & Goodwin, Joe H. Bynum, Jr.,* for appellee.

HALL, Judge. The plaintiff's evidence was presented by cross examination of the defendant's president, who identified an invoice describing a shipment of saws and display racks received by the defendant. The witness testified that the price stated on the invoice was correct for the saws shipped; the invoice was received following the shipment; the defendant still had most of the saws, and had sold some. The invoice, providing for payment in 30 days, was admitted without objection.

The defendant presented testimony of its president as follows: A salesman of the plaintiff came to see him and wrote up an order for the saws described on the invoice and arranged that he (the plaintiff's salesman) would sell the saws for the defendant and work with the defendant's men in establishing dealers. The basis on which the defendant purchased the saws was that the salesman would remain with them as a representative of the company until all the saws were sold. Thereafter the

plaintiff discharged salesmen in other territories and this salesman had to work elsewhere and did not do what he had agreed with the defendant to do. It was the specific agreement with the plaintiff's salesman that the defendant would only pay for the saws when they were sold and it was the salesman's responsibility to sell them. The defendant had tendered the return of the saws. This evidence also was admitted without objection. See *Code Ann.* § 109A-2—326 (4); Kock, Georgia Commercial Practice (Supp., p. 14) § 6-5.

Plaintiff's invoice was not enforceable under the "Statute of Frauds" provision of the Uniform Commercial Code because it was not "signed by the party against whom enforcement is sought" (*Code Ann.* § 109A-2—201 (1)); and was not signed by the sender (see *Code Ann.* § 109A-1—201 (39)), so as to be "sufficient against the sender" and enforceable "unless written notice of objection to its contents is given within 10 days after it is received." *Code Ann.* § 109A-2—201 (2); Kock, Georgia Commercial Practice, p. 24, § 1-5. However, the defendant did not raise the issue of the Statute of Frauds by pleading or by objection to evidence. Therefore, the invoice and the testimony presented by the plaintiff was some evidence that the transaction between the parties was on the terms contended by the plaintiff. But the defendant presented direct evidence that the terms of the transaction were other than as stated in the invoice. This evidence was not contradicted or impeached. The plaintiff's circumstantial evidence therefore was not sufficient to overcome the evidence presented by the defendant. *Myers v. Phillips,* 197 Ga. 536, 542 (29 SE2d 700).

The trial court erred in entering judgment for the plaintiff in the amount sued for.

*Judgment reversed. Bell, P. J., and Quillian, J., concur.*