47795. BRASWELL v. OWEN OF GEORGIA, INC.

STOLZ, Judge. Braswell sued Owen of Georgia, Inc., to recover damages for personal injuries he sustained at approximately 6:30 a. m., January 23, 1970, when the defendant's truck, loaded with steel, struck the rear of the plaintiff's employer's truck, which the plaintiff had been driving and which had stalled in the two outside

lanes of a three-lane, icy bridge on Interstate Highway 16 in Macon, knocking the plaintiff's truck into the plaintiff, who was checking his load of chickens and the four-way, emergency blinker lights on the truck when the collision occurred. The plaintiff appeals from a verdict and judgment for the defendant and from the overruling of his motion for a new trial as amended. *Held:*

1. The trial judge did not err, as is contended in enumerated errors 1, 2, and 3, in refusing to admit in evidence testimony of expert witness Lucas concerning the coefficient of friction of rubber on *melting* ice, since the evidence was that the ice was in the initial stage of *forming,* not melting. Even an expert witness is not permitted to give his opinion, in answer to a hypothetical question, based on facts not placed in evidence by other witnesses. See Code § 38-1710; *Ellis v. Southern R. Co.,* 89 Ga. App. 407 (1) (79 SE2d 541); *Norman v. Allen,* 118 Ga. App. 394 (2) (163 SE2d 859).

2. The trial judge did not err, as is contended in enumerated errors 4, 5, 6, and 7, in refusing to admit in evidence Lucas's testimony in response to three hypothetical questions, which were defective in that they variously assumed the weight of the defendant's truck, which was not in evidence; erroneously stated the distance which the evidence showed the plaintiff's truck to have been knocked; and omitted certain key, material, evidentiary facts, such as the light and weather conditions (other than ice on the bridge only) and the curve and grade of the bridge (which both affected the visibility of the plaintiff's truck to the defendant's driver), the speed of the defendant's truck, and the fact that the defendant's driver attempted to turn back to his left and applied his brakes just prior to the collision. Furthermore, it is not shown, except in the brief, what the witness would have testified had he been allowed to answer the questions. See *Mahone v. State,* 120 Ga. App. 234 (3) (170 SE2d 48); *Maloy v.*

*Dixon,* 127 Ga. App. 151 (1b) (193 SE2d 19).

3. In making exceptions to the charge, plaintiff's counsel excepted to the trial judge's giving the defendant's requested charges numbered 1 through 19, on the ground that "They are argumentative, they were repetitious so as to be more favorable to the defendant, and were misleading to the jury."

In his eighth enumeration of error, counsel assigns error on the trial judge's giving the defendant's requested charges *without informing the plaintiff's counsel* as to the charges he intended to give, as provided by Code Ann. § 70-207 (b) (Ga. L. 1965, pp. 18, 31; 1968, pp. 1072, 1078). In his brief, the plaintiff does not argue the grounds of objection made at the trial, and they are considered as abandoned.

The record shows that the defendant's requests to charge were presented to the court, with copies to plaintiff's counsel at the close of the evidence, but prior to argument. In the colloquy between the judge and counsel for both parties at the conclusion of the evidence, it appears that plaintiff's counsel had ample opportunity to determine which of the defendant's requests to charge the judge intended to give to the jury, but did not do so. We consider the trial judge's failure to inform counsel of his intention regarding the requests to charge, as mere inadvertence. It is certainly not such an omission as will require the grant of a new trial, particularly since there is nothing in the record showing that the plaintiff was harmed thereby. Federal cases construing this portion of Rule 51 of the Federal Rules of Civil Procedure, which is practically identical with our § 70-207 (b), have held to the effect that, in the absence of any request by counsel to be informed of the judge's proposed action on the requested charges (which request was not made in the instant case), noncompliance with the provision in

question is not, in and of itself, reversible error. See Luther v. Maple, 250 F2d 916; Tyrill v. Alcoa Steamship Co., 185 FSupp. 822, 824 (1). This enumerated error is without merit.

4. Enumerated errors 9 and 10 contend that the defendant's requested charges numbered 7, 8, 9, and 15, concerning the plaintiff's avoidance of consequences, etc., were erroneously given (1) because they were not adjusted to the pleadings and the evidence, (2) because they are "argumentative and by their repetition unduly stress and emphasize the contentions of the defendant," and (3) "because the court failed to inform the plaintiff of its intentions to so charge the jury." The latter contention is answered in Headnote 3, hereinabove. "Code Ann. § 70-207 (b) does not require that counsel be offered opportunity before the charge of the court to object to requests to charge, although the court, in its discretion, may hear objections to the requests at that time." *Windsor Forest, Inc. v. Rocker,* 115 Ga. App. 317 (3) (154 SE2d 627). Furthermore, even if the exceptions made at the conclusion of the charge were properly raised (as to this, see *Bailey v. Todd,* 126 Ga. App. 731, 733 (191 SE2d 547)), the issue was raised by the pleadings and supported by evidence that, at the time of the collision, the plaintiff was standing on the roadway of a slippery, ice-covered bridge in a misty rain before daybreak; that, approximately 15 minutes prior to the accident in question, his own vehicle had slid into the side of the bridge on which he was standing, without any fault on his part; that adjacent to where he was standing in the roadway was a raised walkway, 14 inches above the roadway, on which walkway he might have stood in greater safety; and that he had a flashlight and flares which he did not use. Although the plaintiff testified that his four-way, emergency blinker lights were operating, the defendant's driver testified that there

were no lights on the plaintiff's truck.

5. The trial judge did not err, as is contended in enumerated error 11, in admitting the testimony of expert witness Winchester concerning his opinion as to the safest way to traverse an icy bridge, since this witness was called and qualified by the plaintiff and had just given similar testimony without objection. Even if the witness' answer indicated that he thought that the question was outside his expertise, or that he was not competent to answer it, as the appellant contends, this would not be grounds for disallowing his answer. " 'The question whether a witness is qualified to give his opinion as an expert upon the subject under investigation is one for the court, and not for the witness. The mere fact that the witness in his testimony may disclaim to be an expert is no reason for refusing to allow him to testify as one [Cit.] The discretion of the trial court in determining the question of the witness' qualification to give an opinion will not be disturbed unless it is manifestly abused [Cit.]' *Thornton v. Gaillard,* 111 Ga. App. 371 (2) (141 SE2d 771)." *Reeves v. Morgan,* 121 Ga. App. 481 (2) (174 SE2d 460).

6. The trial judge did not err, as is contended in enumerated error 12, in refusing to allow the plaintiff's counsel to further examine his witness, Reese, in an effort to establish the weight of the plaintiff's employer's truck and its load at the time of the collision, since the witness had already testified that he did not know this fact. Furthermore, no harm resulted from the ruling, since the plaintiff himself testified as to the information sought to be elicited from the aforesaid witness.

7. Enumerated errors 13 and 14 are repetitious of enumerated errors 1 through 12, which are hereinabove discussed.

8. Enumerated error 15 is the general grounds of the

motion for a new trial. "[Q]uestions of negligence and proximate cause are for the jury to determine except in plain, palpable, and undisputed cases. [Cits.]" *Gordon v. Carter,* 126 Ga. App. 343, 345 (190 SE2d 570); *Anderson v. Wilson,* 114 Ga. App. 19, 21 (150 SE2d 172) and cit. There was evidence from which the jury could find that there was no indication of icy conditions on the roadway prior to the defendant's driver's entering the bridge; that the defendant's driver slowed down when he realized that the bridge was icy: that the visibility of the plaintiff's truck was limited as to the defendant's driver by the facts of the curve in the bridge, the misty rain, the darkness, and absence of lights (or sufficient lights) on or about the plaintiff's stalled truck; and that the plaintiff did not exercise ordinary care in failing to attempt to prevent the collision or in avoiding the consequences of the defendant's negligence, if any. Therefore, the verdict was authorized by the evidence.

The trial judge did not err in entering the judgment on the verdict and in overruling the motion for a new trial as amended.

*Judgment affirmed. Eberhardt, P. J., concurs. Pannell, J., concurs in the judgment.*

ARGUED JANUARY 12, 1973 — DECIDED FEBRUARY 16, 1973 — REHEARING DENIED MARCH 16, 1973.

*Joseph H. Briley, Robert F. Higgins,* for appellant. *Lokey & Bowden, Glenn Frick,* for appellee.