48769. FIRST NATIONAL BANK & TRUST COMPANY v. OLIVETTI CORPORATION OF AMERICA.

PANNELL, Judge. On April 22, 1971, one James A. Firth (d/b/a National Photo Copy Equipment Company) signed a financing statement which was recorded in the office of the clerk of the Superior Court of Bibb County. The financing statement gave notice to creditors of a purported security interest held by Olivetti Corporation for all equipment heretofore and hereafter

entrusted to Firth by Olivetti. On April 17, 1972, Mr. Firth signed a security agreement with appellant giving a security interest in all inventory, equipment, furniture and fixtures. This security agreement was perfected by proper filing in the same clerk's office on April 19, 1972.

On June 2, 1972, Mr. Firth filed a petition in the United States District Court, Middle District of Georgia, under provisions of Chapter XI of the Bankruptcy Act which was referred to the referee in bankruptcy for disposition. Mr. Firth operated as a debtor-in-possession under the supervision of the referee. On September 26, 1972, the debtor-in-possession filed a petition to sell stating in essence that Olivetti did not have a security interest in certain business machines purchased from the corporation; he wanted to sell the machines free and clear of any and all liens by any creditor, including specially Olivetti; and, he wanted to put the proceeds of sale back into his business. (The reference to the "inadequate financing statement" was induced by Olivetti furnishing a wrong financing statement to the debtor prior to the filing of the debtor's petition. A correct statement was furnished the referee and debtor prior to the hearing.) On October 6, 1972, a hearing for October 24, 1972 was issued by the referee in bankruptcy reflecting the contents of the debtor-in-possession's petition; and, stating that if no objections were interposed the debtor in possession would be allowed to sell the property. Appellant did not appear at the hearing. Olivetti interposed objections claiming it had a perfected security agreement. Briefs were called for by the referee from debtor and claimant. The former failed to file a brief. On November 20, 1972, the referee sustained the objections and granted possession of the machines to Olivetti. On December 14, 1972, Mr. Firth's arrangement was converted to straight bankruptcy by voluntary adjudication. Subsequently, the bank took possession of the copying machines and, upon receipt of word that the bankruptcy court had no further interest in the machines, the bank filed a foreclosure in the Superior Court of Bibb County February 21, 1973. Olivetti petitioned to intervene as a party defendant, which petition was granted on March 16, 1973. On March 26, 1973, a hearing was held and counsel for both parties agreed the court should decide the issue of the right to possession. Olivetti's motion for summary judgment was granted and appellant appeals. *Held:*

1. Appellant enumerates that the trial court erred in holding the

appellee Olivetti has an indebtedness secured by a perfected valid security instrument, which has priority over appellant's secured indebtedness.

The financing statement filed by Olivetti contains the signatures of the debtor and secured party, the address of the secured party from which information concerning the security interest could be obtained, the debtor's address, and contains the following description of the collateral: "All Olivetti Corporation of America copying machines which have been delivered but not paid in full. . . This shall be a continuing security interest covering all equipment heretofore and hereafter entrusted to the debtor by the secured party." The description meets the sufficiency test of Ga. UCC § 109A-9—110. See United States v. Big Z Warehouse, 311 FSupp. 283 (S. D. Ga. 1970). The formal requisites of a financing statement as delineated in Ga. UCC § 109A-9—402 were met. The description, id., also reflects Olivetti's security interest, which term is defined to mean "an interest in personal property or fixtures which secures payment or performance of an obligation." Ga. UCC § 109A-1—201 (37). However, "a security interest is not enforceable against the debtor or third parties unless. . . (b) the debtor has signed a security agreement which contains a description of the collateral. . . " Ga. UCC § 109A-9—203 (1) (b). "Security agreement" is defined as "an agreement which creates or provides for a security interest." Ga. UCC § 109A-9—105 (h). "Agreement" in turn, is defined as meaning "the bargain of the parties in facts as found in their language or by implication from other circumstances including course of dealing or usage of trade or course of performance." Ga. UCC § 109A-1—201 (3). The financing statement before us discloses that it was signed by the debtor, and that it is a writing, which incorporates a security agreement" and adequately describes the collateral. We are satisfied that the financing statement and the requisite security agreement are contained in one and the same document and is enforceable. See In re Carmichael Enterprises, Inc., 334 FSupp. 94, 103 (N.D. Ga. 1971), affd., 460 F2d 1405 and Kaiser Aluminum & Chemical Sales v. Hurst, 176 N.W. 2d 166 (Iowa). Examination of letters from Mr. Firth to Olivetti Corporation reflect that an agreement had been entered whereby Olivetti "entrusted" the possession of goods to Mr. Firth, a merchant who deals in goods of that kind, which gives him power to transfer all rights of the entruster to a buyer in the ordinary course of business. See Ga.

UCC § 109A-2—403 (2) (3). That no price is specified is of no consequence for if parties so intend they can conclude a contract for sale even though the price is not settled. Ga. UCC § 109A-2—305 (1). "Notice filing" has proved of value in financing inventory transactions as it eliminates the necessity of refiling on every one of a series of transactions in a continuing transaction with fluctuating collateral from day to day.

Olivetti's financing statement was properly filed with the court virtually one year before the appellant filed its financing statement. The law demands that Olivetti's security interest prevail over any right, title or interest claimed by appellant. Accordingly, the trial court did not err in granting appellee's motion for summary judgment.

2. The remaining enumeration of error is mooted by our decision herein.

*Judgment affirmed. Eberhardt, P. J., and Stolz, J., concur.*

SUBMITTED NOVEMBER 9, 1973 — DECIDED FEBRUARY 18, 1974.

*Berlin & Hodges, Fred H. Hodges, Jr.,* for appellant.
*Sell, Comer & Popper, Claude W. Hicks, Jr.,* for appellee.