## 29396. BLACK v. JOHNSON.

HILL, Justice.

The appellant John Robert Black filed an action against the appellee Porter Johnson seeking damages and injunctive relief. The complaint alleged in essence that the appellee had started, or caused to be started, a fire upon his land in May 1969, which had spread to the appellant's property and caused damage to woods and fences; and that the appellee had altered the surface of his property by clearing land and filling in a drainage ditch, thereby causing water to back up on appellant's property. The appellee denied all the essential allegations. After hearing, the trial court denied the prayer for temporary injunction. Thereafter, the case went on for a jury trial. The appeal is from the order denying temporary injunctive relief and from the verdict and judgment in favor of the appellee.

1.  The first three enumerations of error contend that the verdict is contrary to the law and the evidence and that there "is not an iota of evidence to support the verdict." Examination of the trial transcript reveals that the evidence presented, though conflicting, was ample to support the verdict.

2.  Enumeration 4 protests the denial of temporary injunctive relief. This question is rendered moot by the verdict and judgment in favor of the appellee, which we now affirm.

3.  The fifth enumeration asserts error in allowance of testimony by an employee of the Lowndes County Tax Assessor's office regarding a map made from aerial photographs. Appellant offered the map into evidence. The testimony was that although the map was dated in 1969, the aerial photos were made earlier. No objection was made to this testimony. It is well established that

objections to evidence cannot be raised for the first time on appeal. *Arline v. Miller,* 22 Ga. 330 (4).

4. The remarks of the trial judge complained of in the sixth enumeration related to the scope of rebuttal testimony. These statements were entirely within the judge's discretion and no abuse of discretion has been shown.

5. The trial court did not improperly exclude the appellant's proposed exhibit as contended in Enumeration 7. The appellee objected to introduction of an aerial photographic map because it had not previously been submitted to the court or to opposing counsel. The judge sustained this objection on the ground that the pre-trial order specifically limited exhibits to those shown to and initialed by opposing attorneys, which had not been done here. No compelling reason was given to the trial judge why the pre-trial order should not be enforced.

6. Appellant's remaining enumerations dealing with the court's failure to charge the jury on aggravated, punitive or special damages are without merit, particularly in view of the verdict for the defendant. As for the requested charge on the statute of limitation, no objection was made to the court's not using the language requested, and the charge given by the court regarding the statute of limitation was adjusted to the evidence. See Code Ann. § 70-207 (Ga. L. 1968, pp. 1072, 1078).

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 13, 1974 — DECIDED JANUARY 29, 1975.

*John S. Boswell, Sr.,* for appellant.
*Floyd B. Moon,* for appellee.