## 30904. ALBEA v. JACKSON et al.

GUNTER, Justice.

This appeal is from a judgment, entered upon a jury verdict, in favor of the appellee in an ejectment case. The appellant filed a timely notice of appeal, and then it seems that his troubles, insofar as seeking appellate review, began. The appellant dismissed his trial attorney and procured other appellate counsel; the court reporter could not or would not prepare the trial transcript; after much difficulty with the court reporter, including his being held in contempt by the trial judge, a partial transcript was eventually filed in December of 1975, the trial having taken place in February of 1974; the court reporter's certificate contained the following language: ". . . except the charge of the court and exceptions thereto which were inadvertently erased"; and the appellant, with counsel who did not try his case in the trial court, has now appealed to this court seeking reversal of the judgment below.

1. The first enumerated error contends that the appellant has been effectively denied his right to appeal his case because a complete transcript of the trial proceedings is not available. The charge of the court to the jury, exceptions made by counsel to the charge, and rulings on such exceptions by the court are missing from the transcript.

We are therefore asked to reverse a judgment, based upon the verdict of a jury, in a civil case because of this deficiency in the transcript.

Code Ann. § 6-805 (c) provides that in civil cases "it shall be the duty of the appellant to have the transcript prepared at his expense." Code Ann. § 6-805 (d) provides that "where the trial is not reported or the transcript of the proceedings for any other reason is not available, and the evidence is prepared from recollection, it may be prepared in narrative form." Code Ann. § 6-805 (f) provides that if a party contends that the transcript or record does not truly or fully disclose what transpired in the trial and the parties are unable to agree as to what transpired, "the trial court shall set the matter down for a hearing with notice to both parties, and resolve the

difference so as to make the record conform to the truth."

All that is missing in the transcript in the case at bar is the charge of the court and exceptions made thereto. We think some effort should have been made by the appellant to determine if any exceptions were made to the charge before the jury retired to consider its verdict. The record does not show whether exceptions were made, and if no exceptions were made to the charge by appellant's counsel, error could not be predicated upon the charge of the court. Code Ann. § 70-207 (a) provides that in civil cases a party may not complain on appeal of instructions given the jury, "unless he objects thereto before the jury returns its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

Since the appellant has not shown that exceptions were made to the charge, and since the appellant did not seek a hearing in the trial court to attempt to show that exceptions to the charge were timely made, we decline to reverse a judgment in a civil case based on the deficiencies shown in the transcript in this case.

Civil trials are in an entirely different category from felony trials. It is the duty of the state to file a transcript after a guilty verdict has been returned in a felony case. *Wade v. State,* 231 Ga. 131 (200 SE2d 271) (1973).

In civil cases it is the duty of the moving party to have the transcript prepared, filed, and, if erroneous in any way, corrected as provided in Code Ann. § 6-805.

We hold that the first enumerated error is without merit.

2. The second enumerated error contends that the trial court erred in allowing the appellee to testify, over timely objection, regarding a verbal agreement between the witness and a contiguous landowner. This contention is without merit because a reading of the transcript shows that though objection was made to the testimony, the ruling by the trial judge is not clear, and when the same essential testimony was given by the witness after the objection, no second objection was made, nor was a clear-cut ruling procured from the trial judge.

3. The next contention is that the trial court erred in refusing to grant the appellant's motion for a directed verdict in that there was insufficient evidence to establish

appellee's title to the disputed property and a verdict for the appellant was demanded.

A reading of the transcript convinces us that a fact issue was presented for determination by the jury, and the trial judge did not commit error in declining to direct a verdict for the appellant.

4. Although three additional errors are enumerated, it will have to be sufficient to say here that we have reviewed them carefully and find them to be without merit.

*Judgment affirmed. All the Justices concur, except Ingram, J., who dissents.*

ARGUED MARCH 8, 1976 — DECIDED
APRIL 20, 1976.

Charles W. Albea, *pro se, Hicks, Huddleston & Medori, Eugene A. Medori, Jr., Walton Hardin,* for appellant.

*Orr & Kopecky, Wilbur A. Orr,* for appellees.