## 52126. HAGAN v. JOCKERS.

STOLZ, Judge.

This is an appeal from the trial court's dismissal of an action for damages instituted by Hagan, the plaintiff below, when Jockers, the defendant below, allegedly breached a contract to sell a houseboat.

1. The appellee's motion to dismiss this appeal is denied. From the order of the trial court, it appears that the judgment entered was based only upon the complaint, which we have before us in this appeal. Therefore, no transcript of the hearing below is necessary. See *McGill v. Allis-Chalmers Credit Corp.,* 133 Ga. App. 700 (212 SE2d 27). Nor is the "any evidence" rule a proper basis for a motion to dismiss this appeal.

2. The trial court dismissed this complaint because the alleged contract did not comply with the Statute of Frauds. The statute which controls this issue reads as follows: "Except as otherwise provided in this section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and *signed by the party against whom enforcement is sought* or by his authorized agent or broker." (Emphasis supplied.) Code Ann. § 109A-2—201 (1) (Ga. L. 1962, pp. 156, 176). "It need not be signed or authenticated by both parties but it is, of course, not sufficient against one who has not signed it. Prior to a dispute no one can determine which party's signing of the memorandum may be necessary but from the time of contracting each party should be aware that to him it is signing by the other which is important." Official Comment 6, Uniform Commercial Code, § 2-201. "[T]he theory of the writing sufficient under 2-201 (1) is not that it conclusively proves the existence of the contract but that it affords the trier of fact something reliable to go on in addition to the mere oral testimony of the plaintiff." White & Summers, Uniform Commercial Code, § 2-4, p. 53.

In order to satisfy Code Ann. § 109A-2—201 (1) in the case at bar, plaintiff Hagan had to (1) produce a writing, (2) signed by defendant Jockers, which (3) stated how

many boats were to be sold. The memorandum signed by defendant Jockers and given to Hagan reads as follows: "I clifford [sic] Jockers do hereby sell and convey to Mr. Robert Hagan, one Lazy Days houseboat, Impulse, for the sum of $27,500.00. Earnest money in hand is $500.00, balance of $27,000.00 to be paid before June 25, 1975. This is to certify there are no liens on this boat of any sort whatsoever. This will include all equipment, and furnishings as per inventory attatched [sic]. Deposit to be forfieted [sic] if sale is not consumated [sic] by above date. I herein state that all equipment is in good working order." Clearly, this writing satisfied the Statute of Frauds as to defendant Jockers. Hence, the order dismissing the plaintiff's complaint was in error and must be reversed.

*Judgment reversed. Bell, C. J., and Clark J., concur.*

SUBMITTED MAY 3, 1976 — DECIDED JUNE 8, 1976.

*Jones & Stepp, Jerry L. Stepp,* for appellant.
*William A. Wehunt,* for appellee.