## 55397. HATLEY v. FREY.

McMurray, Judge.

Nellie Frey sold Jimmy Hatley a 44 foot houseboat at an agreed price of $14,000. Hatley paid $100 down and sought to obtain a loan from the First National Bank of Atlanta. The bank agreed to make the loan but not until the following February, this being in October. Whereupon, it was agreed that Hatley would pay Frey an additional $900 down and pay Frey later for the balance. There was a $4,000 loan on the houseboat at First National Bank but he was unable to assume the indebtedness.

Contending that a promissory note was given as purchase money for plaintiff's equity in a houseboat Nellie Frey as plaintiff sued Jimmy Hatley for the sum of $14,420 upon a promissory note, seeking that the judgment be declared a special lien on the property purchased therewith as described. Hatley answered, denying liability. Thereafter, plaintiff amended her complaint by striking the words "promissory note" and substituting the words "agreement in writing," attaching a copy of the agreement and by amending her demand for judgment to the sum of "$12,700 principal, besides interest at the legal rate from December 5, 1974 through the time of trial," in lieu of $14,420. Defendant amended his answer alleging that he had made payment in full to plaintiff by paying the sum of $13,000 in cash on December 2, 1974, and that said payment effectuated an accord and satisfaction of said debt.

The case proceeded to trial, at which time a verdict was returned in favor of the plaintiff in the principal sum of $12,700 plus interest and a special lien upon the houseboat. Whereupon judgment was entered for $12,700 principal, $2,044.70 interest with a special lien upon the property described. Motion for new trial was filed and denied, and defendant appeals. *Held:*

1. The agreement executed by the parties in November, 1974, is admittedly somewhat vague in many details. It refers to a sum of $14,000, dated "Nov. 1974," and "Leisure Craft boat to be paid at terms below. 4,000 + int. First Nat'l. Bank plus 10,000 to be paid to seller

(Nellie Frey) Pmts. of 300. mo to be pd. or (2 equal pmts.) on 4,000 to First Nat'l Bank—plus Bal. of 10,000 less down pmt. 1,000 leaving Bal. of $9,000.00 to carrying 6 months — after that time — Hopefully around 4,000 bal. to discuss." Here there is sufficient writing that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought. See Code Ann. § 109A-2—201 (1) (2) (Ga. L. 1962, pp. 156, 176); *Hagan v. Jockers,* 138 Ga. App. 847 (2) (228 SE2d 10). Here a writing was produced signed by plaintiff and defendant and designating a Leisure Craft boat "to be paid at terms below." Further, the houseboat had been delivered on the part of the plaintiff. See in this connection *Jones v. Ely,* 95 Ga. App. 4 (1) (96 SE2d 536); *Self v. Smith,* 98 Ga. App. 876, 881-882 (107 SE2d 721). The trial court did not err in denying a motion to dismiss the complaint.

2. There is no contest that a sale occurred for the houseboat at the price of $14,000 in which the defendant made a down payment of $1,000. But defendant contends that he paid the remainder of $13,000. Plaintiff disputes this. Under the authority of *Forsyth Mfg. Co. v. Castlen,* 112 Ga. 199, 210-211 (37 SE 485), if the written agreement is only a part of the complete agreement parol evidence may be admitted not inconsistent and contradictory of the written instrument in order to prove the complete agreement. See also *S. & S. Builders, Inc. v. Equitable Invest. Corp.,* 219 Ga. 557, 562 (134 SE2d 777); *Preferred Risk Mut. Ins. Co. v. Jones,* 233 Ga. 423, 425 (211 SE2d 720); *Davis v. Hunter & Co.,* 79 Ga. App. 624, 627 (54 SE2d 725); *Martin v. Thrower,* 3 Ga. App. 784 (2) (60 SE 825). The allowance of parol evidence to provide any missing portion of an obviously incomplete contract was not error. *Clark v. Peck,* 134 Ga. App. 868, 870-871 (216 SE2d 687).

3. The trial court did not err in permitting evidence with respect to title retention and liens even though possession had been given to the defendant.

4. Even though defendant sought to transfer title in the boat to his wife the court did not err in charging the jury as to special liens and reservation of title to personalty even though no written evidence was adduced

at trial to declare a retention of title in the so-called "Agreement in Writing." A jury issue was also created as to whether or not the defendant's wife was a bona fide purchaser for value, and the court did not err in giving this charge to the jury. There was evidence here that the plaintiff had retained whatever title she had in the property subject to whatever interest she had transferred to others. She was entitled to a special lien upon the particular property upon judgment in her favor. See ·*Green v. Coast L. R. Co.,* 97 Ga. 15, 30 (24 SE 814); Code § 67-1603; *Jordan Mercantile Co. v. Brooks,* 149 Ga. 157, 161 (99 SE 289).

5. As between the parties here the agreement as made by them shall be valid and enforceable whether evidenced in writing or not. See Code § 67-1401.

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

SUBMITTED MARCH 6, 1978 — DECIDED APRIL 11, 1978.

*Schwall & Heuett, Robert J. Kaufman,* for appellant.
*Marion W. Cornett, Jr., Eugene Cline, William D. Hargrove,* for appellee.

