## 60773. JACKSON et al. v. MEADOWS et al.

QUILLIAN, Chief Judge.

This is an action for an alleged breach of contract. Plaintiffs appeal from a jury verdict for the defendants — Leonard Meadows and Meadows Motors, Incorporated. Plaintiffs contend that Gary Jackson, acting on behalf of himself and his father, ordered from Meadows Motors a 1978 Corvette, Limited Edition, Indianapolis 500 Replica Pace Car. Further, that Leonard Meadows, President of Meadows Motors, Incorporated, interfered with the contract between the plaintiffs and Meadows Motors, by refusing to complete the contract originally agreed to by the parties. The principal area of disagreement between plaintiffs and the defendants is whether any agreement was reached as to the sales price.

Gary Jackson testified that he read in a magazine that a Corvette

replica of the Indianapolis Pace Car would be put out by Chevrolet in a limited number and thought it would have a high resale value. His father agreed to put up the money and he spoke to Leonard Meadows about ordering the car for him. He showed Meadows the magazine article and told him he wanted to buy one. Meadows nodded his head and said "fine." Jackson testified further: "I told him, when we were buying cars from you, it's $150 over your invoice; and he said yes, and nodded his head, and I said fine, and I said, when the car comes in, you let me know and I'll bring my check book; and that's it." Plaintiffs introduced the manufacturer's invoice showing the cost to dealer was $11,084.98 and introduced two other documents from "Chevrolet Motor Division, General Motors Corporation" on the "Limited Edition Corvette" which showed the car was delivered to Meadows Motors, "Customer Name — Gary Jackson" and contained the designation "Order Type S" which referred to an entry which stated: "Enter 'Order Type' Sold 'S'." Thus, plaintiff contended these documents showed he ordered the limited edition Corvette which was delivered and showed he was the customer and it had been "sold."

The defendant testified that he had no prior knowledge of the limited edition Corvette before Jackson spoke to him about it. He admitted that Jackson ordered the car and he "intended to have this car sold to Gary Jackson . . ." To him, the word "sold" only signified "that actually we will offer it to the customer that we put their name on [the order form]." All cars that he ordered for customers were not accepted by them and he could not "make 'em take it." He would sell it to that person "[f]or the price we agreed to." He stated that he had never met Gary Jackson before the day he called him from Atlanta about buying the Corvette and had never sold him a car. He had sold cars to his father and had made a practice of selling *cars in stock* at $150 over invoice price up until about five years ago. Corvettes were never included in that policy because if he could get them he would "take a thousand or five thousand Corvettes because I could make a lot of money on them . . ." He was offered a profit of $4,500 over list price for this Corvette after it arrived and he offered it to Gary Jackson for the same price. Meadows testified that he had never sold a Corvette for $150 over list and price was never discussed with Jackson for this Corvette. The jury returned a verdict for the defendants and plaintiffs bring this appeal. *Held:*

1. Plaintiffs contend the "court erred in *failing to notify or inform counsel of the substance of its intended charges* to the jury after having received written requests to charge prior to plaintiff-appellants argument." (Emphasis supplied.) We agree that Code Ann. § 70-207 (b) (Appellate Practice Act of 1965; Ga. L. 1965, pp. 18, 31, as amended through 1968, pp. 1072, 1078) provides "[t]he

court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury . . . " However, during the preargument conference, defendant's objection went only "to the formality for selecting the jury charges; it's my opinion that the jury charges ought to be selected . . . prior to the jury being selected and objections made at that time." The court then stated: "the plaintiff in this case has requested some thirty-one different requests to charge. We'll never get the trial finished if we have to debate on every one of the charges. The Court has gone through the charges as it usually does and figured out what charges are appropriate so any of them won't be repetitious, to try to charge them in succinct terms and the jury can understand them . . . you have the right to make your objections or exceptions to any charges I do make or fail to make. That's the only reason I'm doing it, because I can't possibly give all of these . . . and I have my basic charges, and if I charge any one of them, we'll be here the rest of the day and confuse the jury. That's the reason I do it that way. Any other objections?" *Mr. Kirschner:* "No other objections."

Thus, the objection made at trial dealt only with the time when the decision was made known to counsel as to what the court would charge. That is not the error enumerated on appeal which relates to the "substance" of the charges not being made known to counsel. Accordingly, the objection made at trial is abandoned as it is not enumerated as error. *Holiday Homes v. Bragg,* 132 Ga. App. 594, 597 (208 SE2d 608). And, grounds enumerated as error but not raised during trial may not be raised for the first time on appeal. *Velkey v. Grimes,* 214 Ga. 420, 421 (105 SE2d 224).

Furthermore, the mere failure to inform counsel of his intention to charge is not such an omission as will require the grant of a new trial in the absence of prejudice. *Braswell v. Owen of Ga.,* 128 Ga. App. 528, 530 (3) (197 SE2d 463). In the absence of any request by counsel to be informed of the judge's proposed action on requested charges, noncompliance with Code Ann. § 70-207 (b) "is not, in and of itself, reversible error." 128 Ga. App. at 531. " '[W]hen counsel embark upon their summation without any request for such information, the trial judge may usually infer that they envisage no need for such information and treat the requirement as waived.' " *Smith v. Poteet,* 127 Ga. App. 735, 743 (195 SE2d 213).

Our Code Ann. § 70-207 (b) is an adaptation of Rule 51 of the Federal Rules of Civil Procedure and federal courts have consistently held "that the failure to inform counsel of the court's proposed action on the refusal to charge is not reversible error per se, but that in order to warrant a reversal or new trial for failure to comply with this rule, prejudice must be shown. [Cits.]" *Seaney & Co. v. Katz,* 132 Ga. App. 456 (208 SE2d 333). And, the burden is on the complaining party to

show harm. Id.; *Post-Tensioned Const. v. VSL Corp.,* 143 Ga. App. 148 (5) (237 SE2d 618). The record does not reflect that the defendant was misled or that he was hampered in his argument to the jury. *Daniels v. State,* 137 Ga. App. 311 (4) (224 SE2d 60); *Post-Tensioned Const. v. VSL Corp.,* 143 Ga. App. 148 (5), supra, *Hudson v. State,* 150 Ga. App. 126 (3) (257 SE2d 312).

We are aware of *Evans v. State,* 146 Ga. App. 480 (246 SE2d 482), a criminal case predicated upon a factual base where "the trial judge *refused*" to inform counsel of the court's ruling on counsel's "special requests to charge." In the instant case the trial court's attention was directed only to an objection based on the time the decision was made and advised counsel "[t]he Court has gone through the.charges as it usually does and figured out what charges are appropriate so any of them won't be repetitious, to try to charge them in succinct terms and the jury can understand them" and then asked counsel if there were "[a]ny other objections." Counsel voiced no objections to the proposed action of the court — which was not a refusal of any request of counsel, but a mere failure to comply with the Code.

*Evans,* supra, did not purport to overrule the earlier cases of *Smith v. Poteet,* 127 Ga. App. 735, 742-743, supra; *Braswell v. Owen of Ga.,* 128 Ga. App. 528 (3), supra; or *Seaney & Co. v. Katz,* 132 Ga. App. 456 (whole court), supra, which control the result we reach. We also find the facts of this case to be similar to those of *Shirley v. State,* 245 Ga. 616 (2) (266 SE2d 218), where the trial court failed to comply with Code Ann. § 70-207 (b), but did not refuse to inform counsel of his proposed action on counsel's requests to charge. The Supreme Court found no prejudicial error.

The failure of the trial judge to inform counsel as to which of the requested charges would be included in the Court's instructions to the jury is clearly error. However, to effect a reversal of the case because of the trial judge's failure to comply with the provisions of Code Ann. § 70-207 (b) it is necessary that counsel make a proper objection and perfect the record so the appellate court will have the issue properly before it for determination. In the case sub judice counsel for the appellant failed to meet this necessary requirement. Accordingly, while not condoning the trial court's action, we find no prejudicial error.

2. Plaintiff argues that the court erred in permitting "in evidence copies of invoices indicating contracts and sales made between the corporate defendant and third parties . . ." The evidence objected to was Defendant's Exhibit 1, a summary of 48 attachments—representing "bills of sale and copies of my factory invoices on sales of Corvettes." Plaintiff objected on the ground that "the entire package is entirely irrelevant" and "the cover sheet, that

document is neither the best evidence of the transactions which are being represented nor is the document kept in the ordinary course of business since the actual documents themselves are there . . . that cover cannot go with it because it's simply a summary of what's there."

The witness was the business manager and corporate secretary of Meadows Motors. The summary was prepared in her office — not solely by herself. The attachments—bills of sale and factory invoices were kept in the ordinary course of business. She had examined the summary and it accurately reflected what was on the attachments. All of the bills of sale and invoices were attached for every sale of a Corvette they could locate in their files.

Except for one sale which showed a profit of $7.50, 28 entries showed a profit of over $1,000.00. Later entries exhibited a profit of over $2,000.00 per car in 5 instances. These documents were certainly relevant to show that it was not company policy to sell Corvettes at a profit of $150 as was the import of the plaintiff's testimony.

Professor Green explains that under the best evidence rule, "[w]hen pertinent and essential facts can be ascertained only by examination of a large number of entries in books of account, an auditor or expert accountant who has made an examination and analysis of books and figures may testify and give summarized statements of what the books show, provided the books themselves are accessible to the court and the parties." Green, Ga. Law of Evidence 250, 253, § 105 (9). Professor Agnor would go slightly further and permit "[a] qualified witness [to] state his conclusion as to facts shown by voluminous records without the introduction of the records in evidence," with the qualification that "the records be accessible . . ." Agnor's Ga. Evidence 298, § 13-10. We find the witness was properly qualified, the official records — qualified for admission under the best evidence rule, were attached and accessible, thus the summary was admissible. *Cotton v. John W. Eshelman & Sons,* 137 Ga. App. 360 (2) (223 SE2d 757); *Vaughn & Co. v. Saul,* 143 Ga. App. 74, 79 (237 SE2d 622).

3. The error, if any, was harmless in the failure of the trial court to charge on "bad faith" of the defendant Leonard Meadows, and the right of plaintiffs to collect interest on their damages, as the verdict was for the defendant. See *Black v. Johnson,* 233 Ga. 533 (6) (212 SE2d 368); *Fritz v. Eller,* 153 Ga. App. 300 (2) (265 SE2d 72).

4. The trial court did not err in its pretrial order by submitting the issue of the existence of the contract to the jury. Plaintiff argues that under the opinion of this court in the prior appearance of this case here — *Jackson v. Meadows,* 153 Ga. App. 1 (264 SE2d 503), "the only issue left the trial court was for the jury to determine what the

price was." We do not agree. Our prior holding left the issue of the contract's existence to the jury. See 153 Ga. App. at 3.

5. Since the plaintiff did not except to the charge given on price, we decline to consider this enumeration of error at the appellate level. Code Ann. § 70-207 (a); *Albea v. Jackson,* 236 Ga. 690, 691 (225 SE2d 46).

6. Objection is made to the admission of testimony regarding the statement of plaintiff that "that he was a legal aide to Zell Miller, the lieutenant governor—..." This statement occurred when Jackson spoke to Meadows about the price and informed him it would be $4,500 above the "sticker price." Jackson is said to have offered the sticker price — which was refused, and then Jackson is said to have responded with the statement that he was an aide to the Lieutenant Governor — which was interpreted by Meadows as being a threat to use political influence.

Plaintiffs contend this conversation was "specifically excluded by the Court of Appeal's opinion in this case." This court held, in Division 4, of *Jackson v. Meadows,* 153 Ga. App. 1, 4, supra, that "when Meadows refused delivery of the vehicle for cost plus $150, Jackson stated he would pay him the sticker price, to which Meadows responded he already had an offer of $4,500 over that price. We regard these remarks as statements with a view to compromise." Of course, "propositions made with a view to a compromise, are not proper evidence." Code Ann. § 38-408 (Code § 38-408). However, " '[t]hough the admission of certain testimony objected to be erroneous, a reversal will not result where other testimony to the same effect and of like nature was introduced without objection.' " *Cloer v. Life & Cas. Ins. Co.,* 222 Ga. 798, 801 (152 SE2d 857); *Tucker v. Mappin,* 149 Ga. App. 847 (1B) (256 SE2d 135). Gary Jackson, on direct examination, had previously testified that he offered Meadows $150 over his invoice price and Meadows had told him: "I can't do that, I have an offer of $4,500 over list . . ." He discussed it with his father and said: ". . . why don't we pay him what the sticker price is? . . . we could still make a profit by getting the car at sticker . . . So when he came back in, we told him that. He didn't want to sell it to us either, he said, I can't do that, I got an offer of $4,500 over list and I said, Dad, it looks like we're going to have to sue him. We got up, Mama closed her checkbook, and we left."

It is evident that the first part of the conversation objected to had been ruled on in the first appeal, and had again been introduced into the present trial by the plaintiff on direct examination, but when the defendant attempted to introduce his version of the same conversation, it was objected to on the basis it had been "specifically excluded by the Court of Appeals' opinion in this case." The

remainder of the testimony — relating to the Office of the Lieutenant Governor, had not been ruled upon previously by this court in the first case, and did not come within the basis stated for the objection. Thus, on the basis of the objection stated at trial and in this enumeration on appeal, we find no merit to the allegation of error as the same evidence had previously been introduced by the plaintiff.

7. The defendant called Kenneth Jackson, one of the plaintiffs, for cross-examination, and he could not be found. Counsel for the defendant commented: ". . . he's a party and should be here." The court also stated: ". . . he's a party to the lawsuit, he ought to be in court where he can be called. I think it's very irregular for a party in a lawsuit not to be in court . . . he should be here for purpose of cross-examination." Plaintiffs' counsel stated: "I'd like to interpose an objection to that statement." No basis was stated for the objection. On appeal plaintiff argues that the "court's disparaging remarks regarding a party's tactical decision not to attend all or a portion of the trial was error and prejudice[d] the Plaintiff and requires reversal."

Objections should be made with sufficient specificity for the trial court to identify the precise basis. It is not important in what format the allegation is cast so long as it is clear to the court the specific error alleged that he may have the opportunity to correct them. *Harper v. Ga. S. & F. R. Co.,* 140 Ga. App. 802, 805 (232 SE2d 118). With only the cryptic statement — "objection," this "is entirely too vague and indefinite for decision by the trial court or by the appellate court." *State Hwy. Dept. v. Harrison,* 115 Ga. App. 349 (3) (154 SE2d 723); *Smith v. Smith,* 223 Ga. 560 (7) (156 SE2d 901); *Walker v. State,* 226 Ga. 292 (2) (174 SE2d 440), vacated 229 Ga. 731 (194 SE2d 410); *Allen v. State,* 152 Ga. App. 481, 482 (2) (263 SE2d 259).

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED JANUARY 13, 1981 —
REHEARING DENIED FEBRUARY 19, 1981 —

*Andrew R. Kirschner,* for appellants.
*Tyron Elliott,* for appellees.