62406, 62407. MERRY SHIPPING COMPANY, INC. v. SPARKS; and vice versa.

BIRDSONG, Judge.
Captain James Otis Sparks went down with his barge, the

"Royal Lady," when it sank in Port Royal Sound at approximately 3:15 a. m. on January 9, 1978, in freezing water and rough weather. Appellee Mildred Elaine Sparks filed a complaint in the Superior Court of Chatham County as personal representative of the estate of James Otis Sparks under the Jones Act (46 U. S. C. § 688), for damages arising out of Sparks' death. Appellant Merry Shipping Company (Merry) answered as owner of the barge, denying that appellee Sparks was a duly qualified personal representative or had standing to sue under the Jones Act because of the prior undissolved marriage of James Sparks to another woman. Merry also filed a petition in the Probate Court of Chatham County, independent of the action for damages, seeking to remove Mildred Sparks as administratrix of the estate of James Sparks on the ground that she was not the lawful wedded wife of the decedent. After hearing evidence, the probate judge denied the petition, finding there was no prior undissolved common law marriage, and Merry appealed to the superior court for a trial de novo. Before trial of the appeal, Merry filed a motion in limine requesting the court to issue an order instructing the parties not to discuss in the presence of the jury that the case was an appeal by Merry from the findings of the probate court as to Mildred Sparks' status as administratrix of the estate of James Sparks; or that should Merry prevail Mildred Sparks would not be entitled either to bring an action under the Jones Act or have any standing to receive monies by reason of the wrongful death of James Sparks while employed by Merry. The trial court declined to rule on the motion at that time, stating that he did not know then what the evidence would show and he did not wish to preclude the parties from arguing reasonable deductions arising from competent evidence already in the case.

1. From a verdict and judgment in favor of appellee Sparks, Merry appeals to this court, contending that because the trial court denied its motion in limine the issue was not confined to whether or not Mildred Sparks was qualified to act as administratrix, and her counsel accordingly emphasized in his opening and closing arguments the question of whether Merry was monetarily liable for James Sparks' death.

Contrary to appellant's arguments, it is clear from the transcript that the trial judge did not rule against Merry's motion in limine, but deferred such ruling until all the evidence was in. " ' "It is the province of counsel to comment upon facts in evidence, and to draw deductions therefrom in such manner as to present the case for the side he represents in its light most favorable to his case, and this right should not be unduly infringed, so long as counsel does not attempt to introduce into his argument facts not supported by evidence.

(Cits.)" ' " *Dawes Mining Co. v. Callahan,* 154 Ga. App. 229, 233 (3) (267 SE2d 830). Moreover, appellant did not object during trial to Mrs. Sparks' testimony that she had a claim pending against Merry for her husband's death, and also failed to make any objection to the opening and closing arguments of her attorney which it now protests.

Appellant has thus waived any error by its failure at any time during trial to object, move for mistrial or ask for corrective instructions. "It is well established that objections to evidence cannot be raised for the first time on appeal. [Cit.]" *Black v. Johnson,* 233 Ga. 533 (3) (212 SE2d 368). Likewise, "[i]n the absence of any objection to the argument complained of, there could be no error. [Cit.]" *Smith v. Hardy,* 144 Ga. App. 168, 173 (15) (240 SE2d 714). "Stated otherwise, appellate courts exist for the correction of trial error, where proper objection is taken. [Cit.] Where enumerated errors on appeal attempt to raise for the first time questions not raised in the trial court, they present nothing for decision. [Cits.]" *Long County Bd. of Educ. v. Owen,* 150 Ga. App. 245, 248 (1) (257 SE2d 212). Consequently, the judgment in the main appeal (No. 62406) must be affirmed.

2. Affirmation of the main appeal moots all issues raised in the cross appeal (No. 62407) and they need not be addressed. We note moreover that the same judgment gives rise to both the main appeal and the cross appeal; thus, our decision involves only the one judgment.

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED NOVEMBER 13, 1981.

*Edwin D. Robb, Jr., Randall K. Bart,* for appellant.
*Charles R. Ashman, Ralph R. Lorberbaum,* for appellee.