### 64756. CHAPMAN v. THE STATE.

DEEN, Presiding Judge.

Lillie Chapman was convicted of fraud in obtaining public assistance and appeals following the denial of her motion for a new trial.

1. Appellant first contends that the trial court erred in failing to charge her sole defense, mistake of fact. The transcript reveals that she did not rely on this defense as she testified that she had informed the caseworker of her daughter's job when it became full time. The daughter also testified that she talked to the caseworker and told her that her job status had changed. If there was a mistake and the witnesses' testimony is to be believed, it was made by the caseworker, who did not enter the information in appellant's file, and did not constitute a mistake on the part of the appellant. Code Ann. § 26-705 provides: "A person shall not be found guilty of a crime if the act or omission to act constituting the crime was induced by *misapprehension* of fact, which, if true, would have justified the act or omission." (Emphasis supplied.) This enumeration is without merit.

2. The trial court did not express an opinion as to a witness' credibility in the presence of the jury. On cross-examination,

appellant's attorney asked the caseworker to identify certain documents in appellant's possession. The witness could not as she had nothing to do with their preparation. (The documents were food stamp applications made by appellant prior to the period covered by her fraud.) The court inquired as to their relevancy and counsel replied that they showed the witness' file to be incomplete. The court disallowed their introduction into evidence and informed counsel, "The fact that somebody else may have not put something in the file when it was given to this lady has nothing to do with whether this lady put something in the file or didn't put something in the file. You can ask her to identify them if you want to." The trial court therefore did not comment on or express an opinion as to the credibility of this key prosecution witness as contended by appellant. As the transcript shows that counsel did not make any objection to this comment or move for a mistrial, this enumeration cannot be considered by this court for the first time on appeal. *Merry Shipping Co. v. Sparks,* 160 Ga. App. 376 (287 SE2d 92) (1981). See also *Miller v. State,* 122 Ga. App. 553 (177 SE2d 838) (1970) for a discussion of the right of the trial court to explain its rulings and the requirement that the defendant object or move for a mistrial if he believes the court has made an improper comment.

3. The general grounds are also without merit. From the evidence presented at trial, a rational trier of fact could find the defendant guilty beyond a reasonable doubt. *Driggers v. State,* 244 Ga. 160 (259 SE2d 133) (1979).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED NOVEMBER 12, 1982 —
REHEARING DENIED DECEMBER 6, 1982.

*Lonzy F. Edwards,* for appellant.
*Sharon T. Ratley,* for appellee.